UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

    Barbara Falatico-Brodock,                                      Case No. 24-60308
                                                                             Chapter 11
                                            Debtor.

Barbara Falatico-Brodock,

                Plaintiff,

-v-                                                                                         Adv. Pro. No. 24-80011

Craig S. Brodock, CBB Realty, LLC &
Rebecca Hudon,

                Defendants.

APPEARANCES:

Sari Blair Placona, Esq.
Anthony Sodono, III, Esq.
McManimon Scotland & Baumann, LLC
*Attorneys for Plaintiff*
75 Livingston Avenue, Suite 201
Roseland, NJ 07068

Andrew Scott Rivera, Esq.
Bond, Schoeneck & King, PLLC
*Attorney for Defendants*
One Lincoln Center
Syracuse, NY 13202

Robert E. Littlefield, Jr., United States Bankruptcy Judge

-1-

## MEMORANDUM-DECISION AND ORDER

Currently before the Court are dueling motions in this adversary proceeding (the "AP"). Craig S. Brodock (individually, "Defendant Brodock") CBB Realty, LLC and Rebecca Hudon (collectively, the "Defendants") filed a motion to dismiss the AP or to abstain from hearing same (the "MTD"). (Adv. Pro. No. 5).[1] Barbara Falatico-Brodock (the "Plaintiff" or "Debtor") opposes the MTD. Instead, she seeks summary judgment on her behalf. (Adv Pro. No. 15). The Court has jurisdiction via 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A) and 1334(b).[2]

## FACTS

On June 24, 2024 the Plaintiff initiated the AP. (Adv. Pro No. 1). The causes of action brought are: Breach of Contract, Promissory Estoppel, Fraud and Conspiracy to Defraud, Tortious Interference with Contract, Accounting (for rents collected and expenses paid) and Recovery of Property of the Estate. *See id*. The Plaintiff and Defendant Brodock entered into a Marital Settlement Agreement (the "MSA") to resolve a divorce proceeding. *Id*. The Plaintiff contends Defendant Brodock "has breached the MSA in every possible way." *Id.* at 3.

As previously noted, rather than answering the complaint, the Defendants moved to dismiss the AP. (Adv. Pro. Nos. 5, 7 & 8). Alternatively, the Defendants request this Court abstain from exercising jurisdiction over the AP. (Adv. Pro. No. 8). As stated earlier, on August 7, 2024 the Debtor opposed the MTD. (Adv. Pro. Nos. 11-12). On August 30, 2024 the Defendants replied.

---

[1] Citations to the docket of the bankruptcy proceeding (Case No. 24-60308) will be referenced as "(ECF No. #);" citations to the docket of the adversary proceeding (Case No. 24-80011) will be referenced as "(Adv. Pro. No. #)."

[2] Unless otherwise indicated, all chapter and section references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (2025) (the "Bankruptcy Code").

-2-

(Adv. Pro. No. 13). On September 13, 2024 the Plaintiff filed a motion for summary judgment (the "MSJ") in the AP. (Adv. Pro. No. 15).

## ARGUMENTS

The Debtor argues the resolution of the AP will provide the funding for her proposed plan and therefore this Court is the proper place for all matters to be decided. Regarding the MSJ, the Debtor contends there is no material issue of fact in dispute as to Defendant Brodock's breach of the MSA and summary judgment should be granted in her favor.

The Defendants counter it is the Plaintiff who breached the MSA. They point out the Debtor's bankruptcy filing stayed a state court proceeding where the judge was set to rule on issues that are substantially similar to those in the AP. The Defendants argue the state court is the proper venue to review the MSA and the violation or lack thereof.

## DISCUSSION

The Defendants advance several arguments for dismissal of the AP: mandatory abstention, permissive abstention or outright dismissal of the AP for failure to state a claim. (Adv. Pro. No. 8).

This Court has core jurisdiction over turnover of property of the estate[3] and therefore mandatory abstention is not applicable.

---

[3] The only cause of action in the AP related to this bankruptcy is Count Six which seeks recovery of property and turnover. (Adv. Pro. No. 1). For turnover to be applicable, the property must belong to the estate. *See* 11 U.S.C. § 541. This Court will not wade into this matrimonial proceeding and interpret state court orders. The state court should decide if the MSA was breached, if so by which party and what the financial consequences would be. While the state court cannot determine what constitutes property of the estate, the state court's decision will establish liability and damages, if any.

Recently, the Southern District of New York Bankruptcy Court addressed permissive abstention. *See NY Tower Cap. LLC v. Fasciglione (In re Fasciglione),* 665 B.R. 594 (Bankr. S.D.N.Y. 2024). In deciding to permissively abstain, the *Fasciglione* Court went through a detailed analysis of 28 U.S.C. § 1334(c), stating:

> [C]ourts consider several factors when determining whether permissive abstention is appropriate, including:
>
> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on] the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*In re Fasciglione*, 665 B.R. at 600 (quoting *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 332 (S.D.N.Y. 2003)).

This review should be holistic. "An examination of these factors need not be a 'mechanical or mathematical exercise,' and a court need not 'plod through a discussion of each factor'. . . . Rather, the Section 1334(c)(1) analysis involves a 'thoughtful, complex assessment of what makes good sense in the totality of the circumstances.'" *Simpson v. First Republic Bank (In re JJ Arch LL)*, Case No. 24-10381, 2024 Bankr. LEXIS 1347, at *30 (Bankr. S.D.N.Y. Jun. 10, 2024) (quoting *In re All Year Holdings Ltd.*, Case No. 21-12051, 2024 Bankr. LEXIS 827, at *5 (Bankr. S.D.N.Y. Apr. 3, 2024)); *See In re Fasciglione*, 665 B.R. at 600 (citing same).

### I.    Effect on Administration of the Estate — Factor 1

It is undeniable the state court has been handling the MSA and the alleged breaches of it for years.[4] Moreover, a state court has found '[the debtor] to be in contempt." (Adv. Pro. No. 7, Ex. I). The state court is more familiar with the underlying facts and is much further along in the process. Factor one (1) supports permissive abstention.

### II.    State Law Issues — Factors 2-4

Every substantive claim in the AP implicates state court orders and the parties' compliance or failure to comply with them. Thus, state law issues predominate the AP (factor 2). In addition, while the state laws at issue are not complicated, the parties' actions in relation to the state court orders are extensive (factor 3). Finally, as previously noted, the issues that form the basis of the AP were before a state court when the Debtor filed this proceeding (factor 4). Thus, factors two (2) through four (4) favor permissive abstention.

### III.    Jurisdictional Basis — Factors 5–7

There is no question this Court has jurisdiction over the AP. However, to invoke this jurisdiction would not, in this case, be proper. As stated, the substance of the AP involves the interpretation of the MSA relative to actions taken or not taken by the parties. The state court is the proper court to determine if the MSA was breached, by whom and the consequences, if any. Factors five (5) through seven (7) support permissive abstention.

### IV.    The Severability of the Causes of Actions — Factor 8

As previously noted, the AP is replete with state law claims. Resolution of the state court matters will assist the Court in determining the viability and good faith of the Debtor's bankruptcy filing.

---

[4] *See Brodock v. Brodock*, EF2019-10619 (N.Y. Sup. Ct. Oneida County 2019); *Brodock v. Gilroy*, EFCFA 2022-002846 EF2019-10619 (N.Y. Sup. Ct. Oneida County 2022).

The operative facts are intertwined and interrelated to a pending, yet stayed, state law matter. Thus, this Court will leave it to the state court to determine if there is a claim for breach of the MSA. Here, it is common practice for the automatic stay to be lifted to allow state courts to ascertain liability and damages in matrimonial cases as well as state specific matters. Once the matter is decided, it comes back to this court to be addressed through the bankruptcy proceeding.

The Plaintiff readily admits her plan will be funded by establishing the Defendants violations of the MSA and their financial consequences. Since it is the state court's order that was allegedly breached, it is far more appropriate for it to determine these issues than to have this Court start from scratch.

### V.     Burden on the Court's Docket — Factor 9

This Court's docket is not a factor. While this Court remains busy, an additional adversary proceeding would not burden its docket.

### VI.     Forum Shopping — Factor 10

The status of the state court matters *vis-à-vis* the timing of bankruptcy filing raises concerns the Debtor is forum shopping. In reviewing this prong, courts also look to factor four (4): the existence of a similar state court proceeding. "Bankruptcy courts within this Circuit have often found that permissive abstention is warranted where, as here, a party that has already filed a complaint in state court subsequently files an identical or similar cause of action as a bankruptcy adversary proceeding." *In re Fasciglione,* 665 B.R. at 602.

It is undisputed the Debtor commenced this bankruptcy proceeding, thus invoking the automatic stay, before a state court hearing where her compliance, or lack thereof, with the MSA was to be determined. Since the AP causes of action are substantially similar to those before the

state court, the Debtor's actions smack of forum shopping. Thus, factor ten (10) supports permissive abstention.

## VII. Existence of the Right to a Jury Trial and the Presence of Non-Debtors — Factors 11 & 12

The state court convenes juries regularly whereas this Court does not. In addition, there are several non-debtor defendants in the AP who may have non-bankruptcy causes of action against the Debtor. Finally, this Court has lifted the automatic stay to allow a state court proceeding with similar issues to continue. (ECF No. 126). Factors eleven (11) and twelve (12) support permissive abstention.

## CONCLUSION

Based upon the facts of this case, the Court determines mandatory abstention is not applicable. However, permissive abstention is appropriate. Thus, the Court need not address dismissal of the AP for failure to state a claim.

The Court grants in part and denies in part the MTD. The Court grants the request to permissively abstain from determining the AP. The Court denies the Defendants requests for mandatory abstention and dismissal of the AP for failure to state a claim. Since the Court is abstaining from hearing the matter, the MSJ is deemed moot. The Clerk's Office is authorized to close the AP in due course.

Dated: April 18, 2025
Albany, New York

/s/ Robert E. Littlefield, Jr.
Hon. Robert E. Littlefield, Jr.
United States Bankruptcy Judge